W. E. KAY, *et al.*, AS TRUSTEES OF MASON HOTEL COM-
PANIES, AN INCORPORATED TRUST, *Appellants,* v. W. M.
BOSTWICK, JR., *et al., Appellees.*

Opinion Filed February 23, 1922.

1. Trustees are designated for fiduciary service and their con-
trolling duty is faithful and efficient conservation of the
trust.

2. Compensation to trustees when permissible is for service
rendered to the trust; and it should be reasonable with
prime reference to conserving the trust.

3. Where trustees of an express trust submit to disinterested
persons the question of proper compensation for the trus-
tees and such persons determine upon reasonable compen-
sation in accordance with the submission, the trustees should
not thereafter vote themselves additional compensation from
the trust fund for the services covered by the submission
and award.

An Appeal from the Circuit Court for Duval County;
Daniel A. Simmons, Judge.

Reversed.

*Kay, Adams & Ragland,* for Appellants;

*John E. Mathews and Reynolds & Rogers,* for Appellees.

WHITFIELD, J.—This suit was brought by trustees under
a trust deed, to save to the trust payments voted by former
trustees to themselves as compensation for services as trus-
tees, in addition to the compensation for services awarded
to such trustees in arbitration proceedings. The chancellor

decreed for the defendant ex trustees, and the current trustees appealed.

It appears that an express trust was created by deed dated November 10, 1915, covering extensive hotel properties, the original trustees to serve until their successors should be chosen in January, 1919, which chosen trustees were to serve for three years. The trust deed provided that "the trustees .* may pay to themselves such compensation for their own services, as they may deem reasonable." On June 13, 1918, the then trustees adopted the following motion: "The question of Trustees fees came up for discussion and after several suggestions made by the different members present, on motion of Mr. Bostwick, seconded by Mr. Wheeler, it was unanimously agreed that Messrs W. E. Kay, F. P. Fleming and J. C. Reynolds be appointed as a committee of three without compensation to make a recommendation to the Trustees as to what would be a proper fee for the services of each of the Trustees, each of the Trustees stating that he would be satisfied with whatever recommendations was made by the committee."

By letter dated June 18, 1918, the secretary of the trustees notified the three arbitrators that "At a meeting of the Trustees of the Mason Hotel Companies held on the 13th day of June, 1918, you, together with Messrs F. P. Fleming and J. C. Reynolds were selected as a committee to recommend to the Trustees what would be a proper fee for their services as Trustees of the Mason Hotel Companies, the committee to serve in this capacity without compensation.

"The Trustees hope that you gentlemen will get together at the earliest date practicable, and after acquainting yourselves with the facts make a recommendation as to your

findings.    Each of the Trustees stated that he would abide by whatever compensation your committee may fix.''

On September 4, 1918, the arbitrators reported that ''after due consideration, the committee beg to report that no compensation should be paid to Messrs Geo. H. Mason, Thos. Mason and R. E. Wheeler, each of them having disclaimed any compensation.

''The undersigned beg to report further that they have fixed the compensation of the following Trustees at the respective amounts set opposite their names, which compensation is to include their services up to the end of their existing term under the trust, to-wit, December 31st, 1918:

|  |  |
|---|---|
| J. J. Logan | $6,000.00 |
| J. G. Boyd, | 2,000.00 |
| W. M. Bostwick, Jr., | 750.00 |
| P. H. Odom, | 250.00.'' |

On December 23, 1918, the trustees voted additional compensation of $900.00 each to themselves ''for services since July 1, 1918,'' a part of which was paid and notes given for balances.

Trustees are designated for fiduciary service and their controlling duty is faithful and efficient conservation of the trust.    Compensation to trustees when permissible is for service rendered to the trust; and it should be reasonable with prime reference to conserving the trust.

The contention of the defendants is that the question of compensation submitted to the arbitrators was for services to July 1, 1918, and that the further amounts awarded to themselves is reasonable compensation for services from July 1, 1918, to the following January, when new trustees were chosen.

It is obvious that as the term of the trustees was to end in January, 1919, the question submitted to the arbitrators was reasonable compensation to the trustees for their services to the end of the term. This was the nature of the report made by the arbitrators; and the circumstances of the submission made the award binding so as to preclude the trustees from making further allowances to themselves for their services from the funds of the trust.

Reversed for a decree in accordance with this opinion.

BROWNE, C. J. AND TAYLOR AND WEST, J. J., concur.

ELLIS, J., not participating.