H. H. HOLDER AND CLARA B. HOLDER, *Plaintiffs in Error*, v. VOLUSIA COUNTY BANK & TRUST COMPANY, *Defendant in Error*.

Division B.

Opinion Filed May 9, 1928.

*M. S. McGregor, Scarlett, Jordan, Futch & Fielding* and *C. C. Bailey,* for Plaintiffs in Error;

*Olin C. Hammock* and *Jones & Green,* for Defendant in Error.

BUFORD, J.—In this case it appears that one Ellsworth and wife entered into an agreement to convey certain land to Holder and wife. Ellsworth and wife executed a deed conveying the property to Holder and wife and deposited the deed with one Johnson. Holder and wife deposited the sum of $2,000.00 and a mortgage for $2,200.00 with Johnson, all such deposits being subject to an escrow agreement. The escrow agreement provided in part as follows:

"Both parties appoint W. M. Johnson as escrow agent in this matter. The vendors deposit with the escrow agent a full warranty deed properly executed and acknowledged, conveying title to the vendees. The vendees deposit with the escrow agent two thousand dollars ($2,000.00) cash, together with a purchase money mortgage in the sum of twenty-two hundred dollars ($2,200.00) duly and properly executed.

"Both parties hereto agree and instruct the escrow agent to deliver the deed to the vendees and the money together with the mortgage to the vendors; upon the rendering of the final decree in the suit to quiet title to the said property, which shall immediately be prosecuted by the vendors.

"IT IS UNDERSTOOD that the vendees have the right to immediately enter upon said premsies and to gather and ship the fruit now upon said premises. The vendors, how-

ever, shall have the right to occupy the dwelling house upon said premises for a period of thirty (30) days, with the option of renting same for a longer period, upon a month to month basis, if the vendees herein decide to rent said dwelling house. In the event that this agreement shall be abrogated by the consent of the parties or for any other reason whatsoever, the vendees hereby agree and instruct the escrow agent to pay to the vendors out of the cash deposit in his hands, a sum equal to the net value received from the sale of the aforesaid fruit. The vendees agree to deposit with the escrow agent (from time to time, as received) written evidence of the proceeds from the sale of said fruit.''

The escrow agent, Johnson, left DeLand prior to the conclusion of the transaction. The deed together with notes and mortgages were found by a third person in Johnson's desk after his departure. They were delivered to the attorneys representing Ellsworth who placed the deed and mortgage in the Volusia County Bank & Trust Company, informing the bank of the terms of the original escrow agreement. After the final decree in the suit to quiet title was rendered Holder and wife found that the deed was in possession of Volusia County Bank & Trust Company and demanded delivery of the deed, which request being declined, they brought suit in replevin to recover the deed.

The case was tried before the court without a jury on declaration, plea of not guilty and an agreed statement of facts. Judgment for defendant was rendered and writ of error was taken.

The bank was not an escrow agent. Volusia County Bank & Trust Company was at most only the agent of Ellsworth. The deed had never been delivered to the vendees.

The action of replevin will not lie to enforce the delivery of a deed from vendors to a vendee. Simmons v. Curtis, 45

N. W. 1135; Flannigan v. Goggins, 26 N. W. 846; Bridges v. Ormand *et al.*, 62 S. E. 422. It follows that if the action of replevin will not lie in favor of a vendee against a vendor to enforce the delivery of a deed which has been made and executed by the vendor conveying lands to the vendee, the action will not lie against the agent of the vendor who is in possession of the deed.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

STRUM AND BROWN, J. J., concur in the opinion and judgment.

ELLIS, C. J., dissents.