THE STATE OF FLORIDA *ex rel.* DADE COUNTY SECURITY COMPANY, a Corporation; ERNEST AMOS, as Comptroller of the State of Florida; FRANK A. CHASE and E. M. PORTER, *Relators,* v. PAUL D. BARNS, LORA L. LASSETER and PLATT A. LASSETER, her Husband; C. O. RICHARDSON and D. A. STEARNS, *Respondents.*

Division B.

Opinion filed June 6, 1930.

Petition for rehearing denied July 2, 1930.

*Fred H. Davis*, Attorney General, *James M. Carson*, and *Kurtz & Reed*, for Relators;

*Frank Smathers*, for Respondents.

WHITFIELD, P. J.—The relators seek to prohibit the Circuit Court for Dade County, Florida, from entertaining proceedings in equity brought by stockholders of the Dade County Security Company, an insolvent company or association organized under the laws of Florida, against the insolvent company, the State Comptroller and the receivers or liquidators of the insolvent company or association, the suit in equity being brought to have a judicial receiver appointed in lieu of the administrative liquidator. Facts are alleged charging improper conduct and abuse of author-

ity of the Comptroller and his receivers or liquidators in the management of the assets and affairs of the insolvent company of which they are the administrative custodians and officials under the statutes of the State. Actual fraud is not charged.

The prayer of the bill of complaint is:

"A. That this Court will take jurisdiction of this cause and of the subject matter hereof and the parties hereto, and that the equities herein may be adjudged to be with and in favor of your complainants.

"B. That this Honorable Court immediately upon the filing of this Bill of Complaint appoint a receiver to take charge of, manage, operate and control all books, accounts, records, and properties, including all assets and interests of any nature whatsoever belonging to the Dade County Security Company, or in which said insolvent Building and Loan Associaion may in any way be interested, and that .the said defendants, Ernest Amos, as Comptroller of Florida, and Frank .A. Chase, as receiver, be required to immediately deliver up and turn over to the receiver so appointed by this Honorable Court all books, records, papers, funds, assets, properties, actions, choses in action or other thing in value in which the said insolvent Building and Loan Association, to-wit, the said Dade County Security Company, may be directly or indirectly interested, and in their possession, and that said defendants be enjoined from interfering with or embarrassing the said receiver to be appointed by this Court in his exercise of a peaceful and quiet possession, operation, management, custody and control of all the said properties, funds, assets, interests, books, papers and records of any and all nature whatsoever belonging to,

directly or indirectly, the said Dade County Security Company, and that the appointment of said receiver may be made permanent, and the said receiver continued in charge and management for the purpose of preserving and protecting the assets of the said Dade County Security Company, and administering its affairs under direction of this Court, according to Equity rules and practices.

"C. That said receiver so appointed by this Court may be directed to forthwith recover by action at law or in equity, as he deems best, all outstanding claims or assets rightfully belonging to the complainants and other shareholders, as to which assets this Court adjudges have been unlawfully and unrightfully passed or purportedly passed from the hands and control of the said defendants, Ernest Amos, as Comptroller, and Frank A. Chase, as receiver.

"D. That the said defendants, Dade County Security Company, Ernest Amos, as Conmptroller of Florida, and Frank A. Chase, as receiver, be required by order of this Court to make and render up herein a full and complete discovery of all facts, papers and records of the said Dade County Security Company and/or the said Frank A. Chase, as receiver, pertaining to the transactions and/or purported settlements complained of in this Bill of Complaint, both prior and subsequent to the adjudication of insolvency of said Dade County Security Company on January 27th, 1928, and that said defendants, and each of them, be required to make and render up a full and complete discovery of their record and/or book entries, which said records and books are in their, the said defendants' custody, and which refer and/or pertain, directly or indirectly, to the several transactions and/or pur-

ported settlements hereinabove generally or specifically alleged and charged against the said defendants or either of them.

"E. That your complainants may have such other and further relief in the premises as to which they may be entitled as of equity and good conscience."

The essential questions are whether a court of equity may substitute its receiver for the liquidator appointed by the Comptroller under the statute to wind up the affairs of the insolvent company, and whether the circuit court in Dade county may acquire jurisdiction over the Comptroller whose personal and official residence is at the capital of the State in Leon county. The present liquidator is a resident of Dade county. He has possession and custody in Dade county of the insolvent company's assets and business. The Circuit Court for Dade County has jurisdiction of the *res* and of the liquidator, and the Comptroller is made a party defendant in the equity suit as the superior officer of the liquidator appointed by him. The Comptroller may perform official acts throughout the State and may be amenable to the jurisdiction of the courts where official acts, the subject of litigation in such courts, have been performed.

In the exercise of the sovereign power of the State, statutes provide administrative regulations for the supervision of banks and of building and loan associations by the State through the State Comptroller and also provide that under stated conditions relating to insolvency or to illegality of management, the Comptroller may take possession of the property and business of such banks and associations and if necessary or advisable to do so, the Comptroller is by statute authorized to appoint as his agents liquidators through whom the Comptroller shall administer on such assets and business, the legislative purpose being to facili-

tate the liquidation and settlement of the affairs of such insolvent banks and associations in the most economical and expeditious manner. Should the Comptroller or his agents violate the law in such administration, the courts may adjudicate controversies or afford appropriate relief as to particular matters that may be involved in such statutory administration. See Lake Worth Inlet Dist. v. Am. Bank & Trust Co., 97 Fla. 172, 120 So. R. 316; Reddick v. State, 96 Fla. 140, 117 So. R. 510; Amos v. Baird, 96 Fla. 181, 117 So. R. 789; Glidden, Admx., v. Gutelius, 96 Fla. 834, 119 So. R. 140; Atlantic Nat. Bank of Jax v. Pratt, Receiver, 95 Fla. 882, 116 So. R. 635; Bryan v. Bullock, 84 Fla. 179, 93 So. R. 182. But the law does not contemplate that the entire statutory administration of the affairs of an insolvent bank or building and loan association shall be superseded by equity proceedings through a chancery receiver, at least unless it is clearly shown by due allegations and proofs that the statutory administration is inadequate to conserve property rights that are secured by the Federal and State Constitutions. The bill of complaint entertained by the circuit judge seeks to have an equity receiver supersede the statutory liquidator with reference to the entire administration of the affairs of the insolvent building and loan association to the exclusion of the Comptroller's statutory authority, without any showing whatever to give a court of equity jurisdiction to afford the relief prayed for, or any relief consistent with that prayed for.

Demurrers to petition for writ of prohibition overruled.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., not participating.