## BANK OF BAY BISCAYNE et al. v. HANKINS et al.

### No. 5949.

Circuit Court of Appeals, Fifth Circuit.

July 9, 1930.

Henry P. Adair and Bryan Simpson, both of Jacksonville, Fla., Carl T. Hoffman, S. M. Loftin, John P. Stokes, Jas. E. Calkins, F.

210

M. Hudson, and Fred Cason, all of Miami, Fla., and Fred H. Davis, Atty. Gen., and H. E. Carter, Asst. Atty. Gen., for appellants.

Henry K. Gibson and Fred H. Kirtley, both of Miami, Fla., opposed.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

## PER CURIAM.

In this case a bill was filed by appellee, Rosa Hankins, joined by her husband, seeking a receiver for the bank of Bay Biscayne, a state bank. It appears that Mrs. Hankins is only a depositor with the said bank in the amount of $4,186.75. On June 11, 1930, the bank was closed by the state comptroller because of its admitted insolvency, and its affairs were taken over by him with the view of its ultimate liquidation and the distribution of its assets. After various proceedings, which we need not detail, the District Court entered an order, the material part of which is as follows:

"It is ordered, adjudged and decreed that this cause and the property and assets of said defendant Bank shall be held by said Amos, Comptroller, in statu quo and without any attempt to cause a liquidation thereof and therefor until the final hearing of this cause, and that whenever it may be of absolute necessity to expend any money to preserve any property and prevent any loss of assets before the said 21st day of July, 1930, the facts thereof shall be submitted to Clark D. Stearns, who is hereby appointed the special representative of this Court to investigate the same, and when and if approved by him, such money may be used in the premises as may be required, and a report of each such expenditure shall promptly be made to this Court."

An appeal under section 129, Judicial Code, 28 USCA § 227, without supersedeas was allowed by the District Court from this order, and on the filing of the appeal in this court, by consent of parties, an immediate hearing was had.

■■ Regardless of the terms used, it is apparent that the order in effect appoints a receiver to control the assets of the failed bank, and enjoins the comptroller from carrying on the liquidation of the institution under provisions of the laws of Florida. A bank organized under the laws of a state is a quasi public institution, and, whenever the laws of the state provide for supervision and control of the affairs of the bank by an authorized official, and also for the ultimate liquidation and distribution of its assets under his direction, in the event of its insolvency, it is a matter of grave consequence for any court to interfere, and that should be done only in a perfectly clear case. It does not appear from the record that such a case is presented here. The laws of Florida provide an orderly method of liquidating the affairs of an insolvent state bank, in substantially the same manner that federal statutes provide for the liquidation of an insolvent national bank. Section 6102 et seq., Compiled General Laws of Florida, 1930 Supplement; State of Florida ex rel. v. Barns (Fla.) 128 So. 860. It is usually a matter of discretion to issue an injunction and appoint a receiver, but the exercise of jurisdiction and the entering of the order appealed from in this case appear to us to be unwarranted.

The order appealed from is reversed, and the cause remanded, with directions to dismiss the bill of complaint. The mandate to issue immediately.