WILLIAM V. KNOTT, *Appellant*, vs. S. D. MORRIS, as Successor Trustee, *Appellee*.

Division B.

Opinion filed March 28, 1931.

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant, for Appellant;

*Winters, Foskett & Wilcox* and *Quincey & Rice,* for Appellee.

TERRELL, J.—Appellee exhibited his bill of complaint against Florida Bank and Trust Company as liquidator of First American Bank and Trust Company, W. V.

Knott as Treasurer of the State of Florida, and others not here on appeal.

The pertinent allegations of the bill are that First American Bank and Trust Company was appointed trustee for a specific trust which it was in the process of executing at the time it closed its doors in June, 1928, when Appellee was by order of Court appointed as successor trustee to continue the execution of the said trust. It is also charged that on the date of the closing of First American Bank and Trust Company there was on deposit in its trust department to the credit of various trusts the sum of two hundred forty eight thousand, nine hundred eighty-three dollars, thirty cents, ($248,983.30) against which there were set offs totalling ten thousand, one hundred fifty-nine dollars, forty-nine cents ($10,-159.49). It is further alleged that prior to its closing, First American Bank & Trust Company placed with the State Treasurer notes aggregating two hundred thousand dollars, and a mortgage securing them, all of which were part of the general assets of said bank and were placed with the State Treasurer in compliance with law (Section 4188 Revised General Statutes of 1920 Section 6131 Compiled General Laws of 1927) as a prerequisite to its qualification to do a trust business in this State, that said mortgage and notes are still in the possession of the State Treasurer and have not been liquidated, nor any interest collected thereon for a long period, that Florida Bank and Trust Company occupies a portion of the premises covered by said mortgage without paying interest or rent thereon to the detriment of the trusts which it secures, and that by a final decree in the suit appointing appellee Successor Trustee, the Florida Bank and Trust Company as Liquidator of First American

Bank & Trust Company was ordered to release to Appellee as Successor Trustee all books, records, files, money, and funds belonging to said trust.

The bill prays for a receiver to take charge of the notes and mortgage described herein and all uninvested securities delivered and pledged to the trust department of the First American Bank and Trust Company for the security of the trust funds deposited with it and that the said receiver be given power and authority to liquidate the same to and prosecute any action for that purpose.

A demurrer to the bill of complaint on the part of Appellant was overruled and the motion for a receiver was denied. This appeal is from the order overruling the demurrer.

The controlling question brought here for our determination is whether or not securities deposited with and held by the State Treasurer (in this case the notes and mortgage for Two Hundred Thousand Dollars) under Section 4188 Revised General Statutes of 1920 (Section 6131 Compiled General Laws of 1927) are subject to administration by a Court of Equity, or should they be held to satisfy claims or judgments against the bank or trust company or its liquidator. In other words, was the liquidator of the First American Bank and Trust Company entitled to the custody of the securities deposited with the State Treasurer by said bank as required by the law as here referred to.

Section 4188 Revised General Statutes of 1920 (Section 6131 Compiled General Laws of 1927) in effect provides that trust companies or banks doing a trust business must deposit with the State Treasurer a sum equal to twenty-five per cent. of its paid in capital, provided that

in no event shall such deposit be less than twenty-five thousand dollars. It is further provided that these securities shall be kept by the State Treasurer in trust for the company depositing them and shall be held subject to payment of any judgment or decree which may be rendered against said company. In the case at bar this section must be read in connection with Sections 4179 and 4180 Revised General Statutes of 1920 (Sections 6120 and 6121 Compiled General Laws of 1927). .

It is competent for a Court of Equity on proper showing made, to appoint a Successor Trustee for any particular trust. and when appointed all books, records, property, funds, or securities in the hands of his predecessor trustee or deposited with the State Treasurer in trust for such particular trust may be turned over to said Successor Trustee, but that is not the case we have here. The securities deposited with the State Treasurer under Section 4188 Revised General Statutes of 1920 (Section 6131 Compiled General Laws of 1927) are required as a prerequisite to do a trust business in this State though they are nothing more than a substitute for an indemnity bond required of those performing a trust or public function, for liability arising in the event of breach of faith or duty and are to be exclusive of any or all other bonds required for that purpose. The Chancellor had no authority to direct such securities to be turned over by the State Treasurer to a court receiver for liquidation. They can be reached only in satisfaction of a judgment or decree against the bank or trust company depositing them or its liquidator and no such judgment or decree appears to have been entered. When all specific or other trust funds are satisfied and there are no judgments or decrees rendered against the trust company then it would be-

come the duty of the State Treasurer to return such securities to the trust company depositing the same or to its receiver or liquidator.

The seventh and eighth assignments of error challenge the right of a Court of Equity to appoint a receiver to take charge of the administration of the affairs of insolvent banks which the Comptroller of the State is charged with the duty of administering under the law.

Statutes providing for the administration, regulation, and liquidation of State banks have generally been upheld and in the absence of fraud, corruption, maladministration, or other illegality, to be exclusive of all other methods for that purpose. This Court is committed to that rule. State ex rel. Davis vs. Knight, 98 Fla. 891, 124 So. 461; State ex rel. Dade County Security Company vs. Barnes, 99 Fla. 1258, 128 So. 860; Bank of Bay Biscayne vs. Hankins, 42 Fed. (2nd.) 209; Bushnell vs. Leland, 164 U. S. 684, 17 Sup. Ct. Rep. 209, 41 L. Ed. 598; Earle vs. Commonwealth, 178 U. S. 449, 20 Sup. Ct. Rep. 915, 44 L. Ed. 1146; Noble State Bank vs. Haskell, 219 U. S. 104, 31 Sup. Ct. Rep. 186, 55 L. Ed. 112; Title Guaranty and Surety Company vs. State of Idaho, 240 U. S. 136, 36 Sup. Ct. Rep. 345, 60 L. Ed. 566.

The bill of complaint does not charge the State Treasurer with fraud, corruption, or other illegality. Considered in its most favorable aspect, it merely charges that he had neglected and failed to make any attempt to collect principal and interest on the notes and that he was permitting the liquidator to occupy a portion of the mortgaged premises without paying rent thereon. Both of these charges are conclusions of the pleader unsupported by facts alleged. This court has repeatedly held that the bill must clearly and definitely aver every fact essential to entitle the complainant to recover.

It follows that the amended bill of complaint as to appellant was without equity and that the demurrer should have been sustained. The decree of the Chancellor is therefore reversed.

Reversed.

WHITFIELD, P.J., AND HUTCHISON, Circuit Judge, concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.