**AMOS, Comptroller of State of Florida, v. TRUST CO. OF FLORIDA et al.**

**ILLICK et al. v. SAME.**

**TRUST CO. OF FLORIDA et al. v. ILLICK et al.**

**No. 6450.**

Circuit Court of Appeals, Fifth Circuit.
Dec. 16, 1931.

Cary D. Landis, Atty. Gen. of Florida, Henry P. Adair and John M. McNatt, both of Jacksonville, Fla., and Carl T. Hoffman, of Miami, Fla., for Ernest Amos.

Mitchell D. Price, of Miami, Fla., for Trust Company of Florida and others.

Henry K. Gibson, of Miami, Fla., for Joseph E. Illick and others.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

These are appeals under 28 USCA § 227, from an interlocutory judgment granting an injunction and a receivership for seventeen separate properties in the Southern District of Florida. The pleadings and evidence are complicated, but the facts which we esteem important at present are not in doubt, and may be summarized thus: Just prior to 1926 numerous hotels and office buildings had been erected by the sale of a bond issue on each in which either Marion Mortgage Company, a Florida business corporation, or the Trust Company of Florida, a trust company organized under the laws of that state, both controlled by G. L. Miller, was trustee for bondholders with the usual powers of such a trustee. After 1926, foreclosures became necessary in nearly every case. No one would buy, and the several properties were bought in for the bondholders by one of these corporations. The bondholders failing and refusing to put up funds to pay taxes, insurance, expenses of foreclosure, repairs, and the like, and the income being insufficient therefor, a small mortgage was executed on each property to raise the money thought necessary for it, and was sold on the market; or, where that could not be done, the Trust Company of Florida took the mortgage and made advances against it. Subject to the small mortgage, the title when not already in the Trust Company of Florida was then conveyed to it, and that company issued a certificate of ownership to each former bondholder in proportion to his interest. In this way the Trust Company of Florida came to hold title by conveyance under the above foreclosure arrangements to nearly two hun-

dred pieces of property, but in trust for certificate holders who had accepted certificates, and for such bondholders as had not accepted them but had not been otherwise settled with, in addition to being trustee in some unforeclosed mortgages. The Trust Company of Florida and Marion Mortgage Company and some lesser corporations also controlled by G. L. Miller received money as trustee's fees, expenses in connection with the foreclosures, insurance premiums, and otherwise. The propriety of these, and the amount of the advances made by Trust Company of Florida and the disposition of proceeds of sale of the several small mortgages, together with rents and other things, are brought into question by the bill, and an account is sought as to each trust. Fraud and unfaithfulness are charged, and a removal of the Florida Trust Company as trustee is prayed. This should result in as many bills as there are separate trusts, but a nexus of unity is claimed, in that the funds of one trust are alleged to have been used for the benefit of other trusts, that proceeds of sale and incomes have been commingled, and that a tracing of the funds and a cross-accounting is necessary because of insolvency of the trustee, in which all the trusts should be represented. On the other hand, the defendants claim that all transactions have been honest and proper and in the interest of the bondholders, and that correct account has been kept of each separate trust without confusion or necessity for court accounting. Insolvency is denied. The bill prayed for a general receivership for each of the corporations involved, and that the receiver be substituted as trustee in the unforeclosed mortgages, and for the usual injunctions.

Pending the hearing on November 26, 1931, Ernest Amos, as comptroller of the state of Florida, acting under section 6108, Comp. Gen. Laws Fla. 1927, as amended by Acts 1929 (Ex. Sess.) c. 14487, took possession of the affairs and assets of the Trust Company of Florida, and on December 2d by leave of the court intervened in the cause, he asserting his exclusive right under the Florida statute to the possession of the property and business of the Trust Company, that he would forthwith appoint a liquidator, and that, if there previously had been any occasion for a receiver in equity, it no longer existed. Overruling these contentions, the court appointed common receivers for the seventeen trusts mentioned in the bill, directing the receivers to exercise the powers of trustee as to each, and other powers

of management and control especially conferred; required the surrender to them of the property, money, and accounts relating to each trust, and enjoined the comptroller and others from interfering. On December 4th, at the instance of other persons interested in other trusts, twenty-five additional trusts were brought within the receivership. On December 8th the comptroller set up that a liquidator had been appointed and confirmed, and moved to dissolve the injunction and receivership so far as they applied to the business of Trust Company of Florida. His motion was overruled. The complainant assigns as error here that a general receivership was not granted; the defendants complain that any was granted; and Amos, comptroller, complains that his control of the assets and affairs of the Trust Company of Florida was interfered with. We will pass on no question of parties or pleadings, but only on that of receivership and injunction.

■ The statutes of Florida contain elaborate provisions for the organization, regulation, and liquidation of banks through the comptroller. Comp. Gen. Laws Fla. 1927, § 6052 and ff. By section 6145 trust functions can be exercised by a corporation only when chartered therefor, and by section 6125 the laws as to banks apply to the incorporation of trust companies. By sections 6102 and 6108, as amended in 1929 (chapter 14487), a trust company equally with a bank may, when it becomes insolvent and defaults, or is in an unsound condition and threatened with insolvency, be taken in charge by the comptroller, who may appoint a liquidator who shall take charge of all assets and manage and liquidate the business under the direction of the comptroller. The latter section provides that, pending the possession by the comptroller, and until he either appoints a liquidator or decides that business may be resumed, all the remedies at law or in equity of any creditor or stockholder against such bank or trust company shall be suspended. Like the receiver of a national bank, the liquidator, though confirmed by a court, is not an officer of the court, but the representative of the comptroller. Ex parte Chetwood, 165 U. S. 443, 17 S. Ct. 385, 41 L. Ed. 782; Florida Bank & Trust Co. v. Yaffey (Fla.) 136 So. 399. He is in court only as he may be specially impleaded. No question of comity between courts arises. The relative priority of the seizure by the comptroller and the application for a court receiver is not the controlling question. The liquidator not being an officer of

a court in which persons concerned may intervene, he of necessity may be called to answer for dereliction or illegality in his management in any court having jurisdiction in particular matters; but only in extreme cases may his general administration be arrested or substituted by a receiver in equity. State ex rel. Dade County Security Co. v. Barns, 99 Fla. 1258, 128 So. 860; Bank of Bay Biscayne v. Hankins (C. C. A.) 42 F.(2d) 209. Jurisdiction so to do seems to be denied to the state court of equity in State v. Circuit Court (Fla.) 135 So. 866.

We need not inquire whether the equity jurisdiction of a federal court may be thus curtailed by state law, because in this case a general receivership for the Trust Company of Florida was denied, and particular relief only was granted touching certain trusts. We need only inquire whether under general principles of equity the relief granted was proper. In the unforeclosed trust mortgages, the Trust Company of Florida had a title in trust, with a contract right under which fees might be earned. In those which had been foreclosed it held title in fee, but subject to equitable rights in the several bondholders. In all cases it claims to have made advances in the line of its duties as trustee and to preserve the property for which it has a lien thereon, totaling over $400,000, more than twice its capital stock. The safety of this investment and the solvency of the company depend on the management and eventual disposition of the trust properties. The handling of these two hundred trusts is the major part of the business of the company. It is plain that the trusts are in a very substantial sense property and business of the Trust Company which the comptroller may seize and liquidate under the law. The comptroller and his liquidator are competent to execute trusts like those here involved; they being within the powers of the corporation to be liquidated. Power v. Chillingworth, 93 Fla. 1030, 113 So. 280. Even if the corporation placed in liquidation has been an unfaithful trustee, no presumption can be indulged that the state officials will not be careful, efficient, and economical. A proper respect and deference on the part of the federal agencies of government toward those of the state compels that assumption. It is said in Knott v. Morris (Fla.) 134 So. 615, that fraud, corruption, maladministration or other illegality in the liquidation must be established to justify court interference. No such thing here

appearing, the court correctly refused to take over the liquidation of the Trust Company of Florida by a general receivership, but improperly took over a large part of its assets and affairs by the special receivership and by enjoining the comptroller from exercising his functions in reference thereto.

It is urged that G. L. Miller organized, owned, and controlled the Trust Company of Florida, and used it for his fraudulent purposes, and that its corporate existence should therefore be disregarded. Such a doctrine cannot be applied to this situation. The corporation was regularly chartered under the laws of Florida, of which those above discussed are a part, with a capital of $200,-000 and a paid-in surplus of $300,000. The capital must have been paid in actual cash, and the valuation put on the securities constituting the surplus must have been reviewed by the comptroller before his certificate for beginning business could issue. Comp. Gen. Laws Fla. §§ 6058, 6061, 6062. By whomsoever owned, the corporation was a substantial one, and has done a substantial business, and must run its course according to its charter and the laws appertaining to it.

We reverse the judgment, with direction to dissolve the receivership and injunction so far as they affect the trusts and trust property in the hands of the comptroller as assets and affairs of the Trust Company of Florida.