135 So.2d 243 (1961)
Edward B. TRAUB, Sr., Appellant,
v.
W.E. TRAUB and Ryland Traub, Appellees.
No. 2139.
District Court of Appeal of Florida. Second District.
December 6, 1961.
*244 Anderson & Nadeau, Miami, for appellant.
Sumner & Sumner, and C.R. McDonald, Jr., Fort Pierce, for appellees.
SMITH, Judge.
A final decree was entered in this cause holding that the property in question was held in trust for the appellant and the appellees and that a complete accounting should be had between the parties. This decree was affirmed by this Court, Traub v. Traub, Fla.App. 1958, 102 So.2d 157. Testimony was taken pursuant to the decree before one of the judges of the lower court; but prior to entry of a decree of accounting, this judge resigned and the transcribed testimony was then submitted to another judge who entered the decree on accounting from which the appellant, who was one of the defendants below, appealed. The factual background to the point of the accounting is set forth in our prior opinion.
The court allowed the appellant certain expenditures made and proven by him for payment of taxes on the property and neither party asserts any error as to this part of the decree. The court found that the appellant conveyed a part of the trust property in exchange for radio advertising and held that such conveyance was not justified or authorized and charged the appellant with the value of the property conveyed. The court further held that no other expenditures or services were shown to have been reasonably necessary to preserve the trust, nor were they shown to have increased the value of the trust property. The appellant contends that these latter findings were error.
This decree was entered upon the "cold record" and, therefore, the usual rule as to the weight to be accorded to the findings is not applicable, In re Graham v. Florida Real Estate Commission, Fla.App. 1960, 119 So.2d 88. A trustee is entitled to reasonable compensation for the services he renders in administering the trust, 54 Am. Jur. 416, Trust, § 525, and Muscogee Lumber Company v. Hyer et al., 1881, 18 Fla. 698, 43 Am.Rep. 332. A trustee may forfeit his right to compensation, 54 Am.Jur. 423, Trust, § 538.
"Trustees are designated for fiduciary service, and their controlling duty is faithful and efficient conservation of the trust. Compensation to trustees, when permissible, is for service rendered to the trust; and it should be reasonable with prime reference to conserving the trust." Kay et al. v. Bostwick et al., 1922, 83 Fla. 308, 91 So. 112.
The appellant offered testimony to the effect that it was necessary for him to, and he did, employ lawyers, surveyors, bulldozer operators and others upon, about and concerning the trust property. However, he further testified that all of the records of employment and payment were destroyed during a hurricane. His proof of payments for these services (even if they could be found to be expenditures or services reasonably necessary to preserve the trust) consisted of estimates given by him and some of those who performed work, none having any records nor recollection of any specific amounts. Further uncertainties as to these items are shown in the record by virtue of the fact that the appellant owned in his own name and right property adjoining the trust property and there was no distinct testimony as to what expenditures or services applied to each.
"If the trustee fails to keep clear, distinct, and accurate accounts, all presumptions are against him and all obscurities and doubts are to be taken adversely to him. If he loses his accounts, he must bear any resulting damage. * * *
"The burden of proof is upon him to show that the money expended was a proper disbursement." Benbow v. Benbow, 1934, 117 Fla. 37, 157 So. 512, 519.
*245 The testimony offered on behalf of the appellant was not sufficient to carry the burden of proof cast upon him either as to his expenditures or as to the reasonable necessity of his or the other services to preserve the trust property. The decree is affirmed.
Affirmed.
SHANNON, C.J., and WHITE, J., concur.