615 So.2d 810 (1993)
Guy B. BAILEY, Sr., Appellant,
v.
Charlotte B. LEATHERMAN, Appellee.
No. 92-960.
District Court of Appeal of Florida, Third District.
March 16, 1993.
*811 Bailey, Hunt, Jones & Busto, Jesse C. Jones, Miami, for appellant.
Mershon, Sawyer, Johnston, Dunwody & Cole and Carlos M. Sires and Robert D.W. Landon, II, Miami, for appellee.
Before HUBBART, GERSTEN and GODERICH, JJ.

CORRECTED OPINION
PER CURIAM.
This is an appeal by the defendant Guy B. Bailey, Sr. from an amended final judgment requiring that in all transactions between a marital trust and another named corporate entity, the defendant shall not act as trustee of the marital trust without the concurrence of another party whom the court appointed as a co-trustee for such transactions only. We affirm.
Contrary to the defendant's argument, we conclude that in the marital trust/corporation transactions the defendant has much more than a potential conflict of interest, but has, in fact, an actual conflict of interest because the defendant is the chief executive officer and a substantial shareholder in the corporate entity. Obviously, the defendant has a personal interest in any loans, for example, which the marital trust makes to the corporate entity. This being so, and in light of previous transactions concluded without the necessary prior court approval, it is clear that as to such transactions, the appointment of a co-trustee was permissible. See Smith v. Fleetwood Bldg. Corp., 120 Fla. 481, 163 So. 293 (1935); § 737.403(2), Fla. Stat. (1991).
Affirmed.