793 So.2d 1150 (2001)
Virgil AIELLO, individually and Robert Aiello, as Co-Trustee of the Joseph S. DeLuca Trust u/a/d October 24, 1994, Appellants,
v.
Joy HYLAND, Bartolomeo DiPietro and Gerald Aiello, Appellees.
No. 4D00-1433, 4D00-1434.
District Court of Appeal of Florida, Fourth District.
September 12, 2001.
R. Brady Osborne, Jr. of Osborne & Osborne, P.A., Boca Raton, for Appellant-Virgil Aiello and Nancy Little Hoffman of Nancy Little Hoffman, P.A., Pompano Beach for Appellant-Robert Aiello.
J. Baird Lefter of Lefter, Cushman & Wilkinson, P.A., St. Petersburg for Appellee-Joy Hyland and Gary L. Rudolf of Rudolf & Hoffman, P.A., Fort Lauderdale, for Appellee-Bartolomeo DiPietro.
PER CURIAM.
This appeal arises from a family dispute between four siblings over certain commercial real property located on Charles Street in Boston, Massachusetts. The property is the sole asset of a trust created for the siblings by their uncle, Joseph S. DeLuca. The trust provided that upon DeLuca's death, after payment of taxes, the trust would terminate and the Boston property would be distributed as follows: 1/7th to Virgil Aiello, 1/7th to Robert Aiello, 3/7th to Gerald Aiello, and 2/7th to Joy Hyland Aiello. Robert was named as successor *1151 co-trustee along with his cousin Bartolomeo DiPietro.
The dispute that led to this appeal arose when Robert, as co-trustee, attempted to sell the trust property to Virgil. Joy and Gerald sought a declaratory judgment voiding the contract on the grounds that Robert had a conflict of interest and had failed to obtain court authorization for the sale in accordance with Florida law. Robert and Virgil appeal the order of the probate court voiding the contract for the sale of trust property and removing Robert as co-trustee for breach of fiduciary duty. We affirm all issues on appeal, and write only to address Robert's contention that the probate court exceeded its authority in removing him as co-trustee when the only matter before the court was the joint motion of Joy and Gerald to void the contract.
The co-trustees were responsible for raising funds to pay the trust's share of estate taxes totaling approximately $1.4 million. Joy and Gerald were dissatisfied with Robert's unsuccessful efforts to mortgage the trust property and distrustful of his subsequent agreement to sell the property to Virgil. Joy filed a petition for removal of Robert as co-trustee. In that petition, she alleged that Robert had a conflict of interest due to his role as co-trustee, trust beneficiary, and shareholder of the closely-held family business located upon the trust property, which had been in operation for decades without a written lease. Not only had Robert failed to secure a mortgage to pay the estate taxes, but he had also ignored several offers from an interested buyer, ranging from $4,000,000 to $4,400,000, and instead opted to sell the property to Virgil for a lesser sum. Consequently, Joy sought a declaratory judgment voiding all of Robert's prior actions as co-trustee.
In July 1999 the trial court entered an "Order on Petition for Instructions," wherein the court specifically found that Robert had a conflict of interest in his capacity as co-trustee. It declared Bart, Robert's co-trustee, as the sole trustee authorized to engage in lease negotiations, listing agreements, and other matters related to the trust property. The following month, Joy and Gerald filed a joint motion for an order voiding the alleged contract between Robert and Virgil.
At the hearing on the joint motion to void contract, Robert argued that the probate court lacked authority to remove him as co-trustee because the motion being heard did not seek the remedy of removal. He pointed out that his removal was sought in Count V of Joy's initial petition for removal and was, thus, a matter that had to be noticed for trial. He complained of procedural improprieties, such as not receiving witness lists and exhibit lists. The trial court asked Robert's counsel if there was any element of surprise. Robert's counsel responded that he could not tell whether he would be surprised because he was unaware of the testimony that would be presented. The court told opposing counsel to read the names of all of the witnesses. After the witnesses' names were read, Robert's counsel made no further argument concerning surprise or prejudice.
Based upon the entire circumstances of this case, we determine that the probate court did not abuse its discretion in removing Robert as co-trustee. The decision to remove Robert as co-trustee was an appropriate action based on the fully litigated facts established at a protracted evidentiary hearing. As the court below stated:
Section 737.201(1)(a) unequivocally confers upon this Court the discretion and authority to remove a trustee where appropriate. In Bailey v. Leatherman, 615 So.2d 810 [ (Fla. 3d DCA 1993) ], the appellate court affirmed a trial judge's *1152 decision preventing the trustee from engaging in any transaction between the trust and a particular corporate entity in which the trustee was an officer and significant shareholder without the consent of a co-trustee court appointed to review such transactions, in view of the presence of an actual conflict of interest. Although the result imposed by the lower court in Bailey did not order the trustee to be removed, the petitioning party in that case did not seek that remedy.
In the instant case removal of cotrustee Robert is not only requested but also absolutely required. On December 22, 1998 this Court partially granted Joy's Emergency Motion For Temporary Injunction Against Co-Trustees in support of her Petition for Removal of Co-Personal Representatives and Co-Trustees by requiring prior Court approval before the Trust property could be sold. That Injunction was based only upon affidavits and verified pleadings. On August 3, 1999 after a hearing on a Petition for Instructions this Court ordered Virgil to remove the lis pendens on the Trust property. This Order has yet to be followed. More importantly on that same date the Court preliminarily determined that Robert had an actual conflict of interest concerning the sale of the Trust property to Virgil and that Bart should be the sole trustee handling any aspect of the sale or mortgage of the property. Following a lengthy and protracted hearing over eight days, affording this Court the opportunity to reach a more informed decision based not on affidavits and verified pleadings but on voluminous exhibits and substantial testimony, this Court can only conclude that it would be remiss and derelict if it did not immediately remove Robert as co-trustee. No other conclusion can be reached short of the highly unlikely divestiture by Robert of his equity interest in DeLuca's Market and his resignation as an officer of that business.
Past performance serves as a good barometer of future behavior. Robert's compromising of the interest of beneficiaries Joy and Gerald allowed Virgil to ensnare the Trust into an unfavorable contract allowing him to purchase the Charles Street Property from the Trust. Equally distressful was his unwillingness to enter into a mortgage agreement with Brookline Savings, a cooperating lender. These actions demonstrate an inability to discharge responsibly his duties as a trustee. Consequently, his tenure as a co-trustee shall end immediately upon entry of this order.
In sum, where the original pleadings in the case sought removal of the trustee and the facts supporting removal were fully litigated over an eight-day evidentiary hearing by implied consent of the parties, and the court's findings concerning the trustee's conflict of interest and breach of fiduciary duties were supported by competent substantial evidence, the probate court, as a court of equity, was authorized under section 737.201(1)(a) Florida Statutes (2000) to remove Robert upon findings that established his inability to discharge his duties. There was no procedural prejudice to Robert, as the real estate contract and Robert's breach of fiduciary duty formed the basis of Joy's petition for removal. The facts alleged in the subsequent motion to void the contract between Robert and Virgil were the same facts alleged in the petition for removal. These facts, once established at the hearing, gave the trial court sufficient cause to remove Robert. The issue of Robert's removal was neither "new" to the case, nor a surprise, as the trial court, in a prior order, had already determined that he had a conflict of interest and was precluded from taking any actions in relation to the trust property. Significantly, *1153 Robert has failed to identify what additional evidence could have been presented to defeat his removal.
For the above reasons, we affirm the trial court's order removing Robert as co-trustee.
AFFIRMED.
POLEN, C.J., and TAYLOR, J., and DAMOORGIAN, DORIAN K., Associate Judge, concur.