THE STATE OF FLORIDA, ex rel. CARY D. LANDIS, Attorney General, *Relator*, vs. THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, H. F. ATKINSON, Circuit Judge of the Eleventh Judicial Circuit of Florida, WILL ALLEN and HENRY TAYLOR, *Respondents.*
135 So. 866.
Division B.
Original Prohibition.
Opinion filed June 23, 1931.

114

*Cary D. Landis,* Atty. Gen'l., and *H. E. Carter,* Assistant, for Relator;

*Burwell & Sibley* and *Lilburn R. Railey,* for Respondents.

WHITFIELD, P.J.—A suggestion for a writ of prohibition filed in this Court by the Attorney General alleges that as shown by a true and correct transcript of the proceedings had on a bill of complaint filed in the Circuit Court of the Eleventh Judicial Circuit of Florida, wherein Will Allen is complainant and The City Trust Company, Guardian Trust Company, Guardian Company, Administration Company, Morgan S. McCormick, A. W. Gustus, R. C. Fenters, Amos Travis and Ralph Buss, are defendants, the Circuit Court on May 8, 1931, appointed a receiver of The City Trust Company and the Guardian Trust Company, and of all the assets, property and rights of such trust companies; that on May 13, 1931, the State Comptroller filed in said cause in the circuit court, a petition to be allowed to intervene in the cause and be made a party thereto, and also filed a motion to discharge the receiver appointed by the court, which petition and motion were denied; that on May 8, 1931, the said Comptroller of the State "became satisfied from an

affidavit made by the president of The City Trust Company, one of the defendants in said cause, that said The City Trust Company was threatened with insolvency and likely to become in default," and that the Comptroller therefore appointed a liquidator of said Trust Company under the statute "for the purpose of closing out and winding up the affairs of the said The City Trust Company as provided by law." Like allegations are made as to appointment by the Comptroller on May 9, 1931, of a liquidator of the Guardian Trust Company. A rule in prohibition was prayed for and granted. By answer, the respondents controverted the matters presented in the suggestion. A demurrer to the answer was filed by the Attorney General.

The question presented is whether under the laws of this State, the circuit court or the State Comptroller has authority to supervise the administration of the assets of the non-going trust companies.

The appointment of the receiver by the court was upon the theory that under the act of 1911 (Chapter 6155 Laws of Florida) the circuit court has authority to supervise the voluntary liquidation of trust companies, and that under its general equity powers the circuit court, upon allegations of fraud, and unlawful acts of directors or other officers, has exclusive jurisdiction in supervising the administration of the assets of the trust companies.

The Constitution gives to the Circuit Courts "exclusive original jurisdiction in all cases in equity" and "original jurisdiction * * * of such other matters as the Legislature may provide." Section 11, Article V, Constitution of Florida.

The "cases in equity" referred to in the quoted organic provision include all cases that are inherently cognizable in equity, as distinguished from common-law cases. In addition to the "cases in equity" that are peculiar to an equity forum, the statutes of the State confer upon equity courts, jurisdiction of other matters that

are not inappropriate to an equity forum, though not embraced within the inherent jurisdiction of courts of equity. The administration of the assets of a bank or trust company that is insolvent or that is being liquidated, is not inherently an equity function, but it may by statute be conferred upon persons to be appointed by and to act under the direction of equity courts or such administration may be imposed upon administrative officers, the administrative functions of non-judicial officers being subject to appropriate judicial review.

Chapter 6155 Acts of 1911 (Now Section 6144, et seq. Compiled General Laws of Florida, 1927), regulating the incorporation, powers, duties and liabilities of trust and security companies, provides in Section 23, that

"Whenever any trust company shall determine by its board of directors, with the consent of the majority of its stockholders in interest, to discontinue its business and settle its affairs, it shall be lawful for such board of directors to file with the Comptroller of this State a certificate in writing, signed and acknowledged by such stockholders, expressing said consent, and likewise the certificate of said board of directors under the corporate seal setting forth such intention, and that they thereby surrender to the State their corporate privileges and powers; and thereupon said corporation shall be deemed and taken to be dissolved, except for the purpose of distributing its assets and otherwise settling its affairs; but such trust Company shall, nevertheless, be continued a body corporate for the term of three years after the time of such surrender for the purpose of prosecuting and defending suits by or against it and closing its concern; but not for any other business or purpose whatever; and the said board of directors shall act as trustees for that purpose subject to the orders of the circuit court, on application of any creditor or stockholder, and to removal or any action by said court. Said trustees shall make to the court, on the first Monday of each month an itemized report of their administration of the affairs of the said trust company in winding up the same, and shall at

the same time file a copy thereof with the State Comptroller.''

This statute provides for the *surrender* of the corporate franchise of trust companies and the distribution of the assets by the directors as trustees under the supervision of the circuit court.

Section 19, Chapter 13576, Acts of 1929, amending Chapter 6807 Acts of 1915, provides that

''On becoming satisfied from the reports furnished to him by a State Bank Examiner, or upon other satisfactory evidence thereof, that any bank, banking firm, banker, banking or trust company, or corporation doing business in this State under the State laws, has become insolvent and is in default, or that the affairs of any bank, banker, banking firm or trust company or corporation doing business in this State, under such State laws, is in an unsound condition, or threatened with insolvency because of illegal or unsafe investments, or that its liabilities exceed its assets, or that it is transacting business without authority of law or in violation of law, or if the directors of any bank, banking or trust company, or corporation, or any banker or the management of any banking firm doing business in this State under the State law, shall knowingly violate, or knowingly permit any of its officers, agents or servants to violate any of the provisions of law relative to such bank, bankers, banking firm, banking or trust companies, or corporations doing business in this State, the rights, privileges and franchises shall be subject to be forfeited, and the State Comptroller may in his discretion forthwith designate and appoint a liquidator to take charge of the assets and affairs of such bank,'' etc.   Section 6102, Compiled General Laws of Florida, 1930 Supplement.

The latter statute provides for a *forfeiture* of the corporate franchise and for an administrative liquidator to be appointed by the Comptroller to take charge of the assets and to close up the affairs of a bank or trust company, when the Comptroller becomes ''satisfied, from the reports furnished to him by a State Bank Ex-

aminer, or upon other satisfactory evidence thereof" that such bank or trust company "has become insolvent and is in default, or that the affairs of any bank * * * or trust company or corporation doing business in this State under such state laws is in an unsound condition, or threatened with insolvency," etc.

The enactment of Chapter 6807, Acts of 1915, and the Acts amendatory thereof regulating the administration of the assets of insolvent banks and trust companies by the State Comptroller necessarily limited the operation of Section 23, of Chapter 6155, Acts of 1911, Section 6144 (4201) Compiled General Laws of Florida, 1927, to the voluntary liquidation of *solvent* trust companies, since the later acts provide a distinct method for administering the affairs of *insolvent* banks and trust companies; but such later acts apparently do not in terms or effect exclude the operation of the Act of 1911 upon voluntary liquidation of *solvent* trust companies under the supervision of the circuit courts.

The Act of 1911, Section 6144 (4201) Compiled General Laws of Florida, 1927, provides that the therein authorized voluntary liquidation of a trust company and the distribution of its assets and settling of its affairs shall be by the directors thereof who "shall act as trustees for that purpose subject to the orders of the circuit court," and that "said trustees shall make to the court" monthly reports "of their administration of the affairs of the said trust company in winding up the same." The authority so conferred upon the circuit court is not a matter of inherent equity jurisdiction that is by the Constitution assigned exclusively to the circuit courts as courts of equity; and authority to supervise the administering of the assets of non-going banks and trust companies may by statute be conferred upon courts of equity as a matter of statutory equity cognizance; or the function of supervising the administration of such assets may by statute be conferred upon non-judicial officers, when

no applicable provision of the State Constitution is thereby violated. This being so, even if under the Act of 1911, and before the enactment of Chapter 6807 Acts of 1915, both solvent and insolvent trust companies may have been voluntarily liquidated by the directors thereof under the supervision of the circuit court, the later statute authorizing the State Comptroller to supervise the administration of the assets of an insolvent bank or trust company does not take from the circuit court any of its inherent exclusive equity jurisdiction under the Constitution. And when such administrative authority is conferred upon the State Comptroller, the statutory authority of the circuit court may be thereby curtailed, though the inherent equity powers of the court to take jurisdiction when the statutory remedy through the State Comptroller is wholly inadequate to conserve organic rights, is not and cannot be impaired by statute. While the authority of the comptroller to administer must be recognized, the courts have power to enforce rights during the administration by the Comptroller by due course of law.

It appears by the answer of the circuit judge that on January 22, 1931, the stockholders of the City Trust Company by certificate consented to discontinue the business of the company and to go into voluntary liquidation and settle its affairs as provided by law, and that on the same day the directors of the company certified "that under and in accordance with the foregoing consent of the stockholders of the City Trust Company, it is the intention of the said The City Trust Company to discontinue its business and go into voluntary liquidation and settle its affairs." It does not appear that the officers of the City Trust Company complied with Section 6144 (4201) Compiled General Laws of Florida, 1927, other than by filing the above certificates with the Comptroller. By the suggestion for prohibition, it appears that on May 8, 1931, the President of the City Trust Company pre-

sented to the Comptroller an affidavit "That the stockholders of said Company have voted to go into voluntary liquidation which is now being carried out by the directors of said company. That the affairs of said Company have become insolvent in litigation by reason of which and otherwise said Company is now threatened with insolvency and affiant believes that said The City Trust Company will be unable to meet its obligations, and should be placed in the hands of the Comptroller of the State of Florida for liquidation."

Upon this affidavit the Comptroller on May 8, 1931, appointed a liquidator for The City Trust Company. The Comptroller on May 9, 1931, appointed a liquidator for the Guardian Trust Company.

The bill of complaint filed by Will Allen alleges facts to show fraud and mismanagement of The City Trust Company and the Guardian Trust Company which did

"Thereby completely deplete all the assets of The City Trust Company, and rendered it totally and hopelessly insolvent and unable to meet any of its trust obligations or trust liabilities, or contingent trust liabilities,"

and that

"The Trusts, assets and affairs of the Guardian Trust Company are so intertwined with the trusts, assets and affairs of The City Trust Company and are so inextricably interwoven that to all intents and purposes, especially through the unified control by virtue of the stock holdings of the defendant, Morgan S. McCormick, both corporations may be regarded as one, and as a part and parcel of the scheme of said Morgan S. McCormick to defeat and defraud the rights of your complainant and the other beneficiaries of the trusts held by said trust companies."

The prayer of the bill of complaint filed by Will Allen is that the court appoint a receiver for each of the two trust companies and empower the receiver to immediately take possession, custody and control of all books, records, papers, documents, collateral money and other things

of value held in trust or otherwise by said trust companies, that the directors be enjoined from attempting to act as trustees under the Act of 1911; that the court

> "enter such decree as will enable the receiver appointed by the court to administer and liquidate the affairs of said City Trust Company and said Guardian Trust Company under and in accordance with the statutes and under the provisions of the laws of the State of Florida in such case made and provided and under and in accordance with the principles of equity;"

that designated incidental injunctions be granted and that "your complainant" have "such other and further relief as to this court may seem meet and proper."

While upon proper parties being made the allegations of the bill of complaint filed by Will Allen may be sufficient for particular relief that would not exclude the statutory authority of the Comptroller who sought intervention and was denied, yet, as the *bill prayed for an equity receiver* of all the assets of the trust companies shown to be insolvent to the entire exclusion of the statutory authority of the comptroller, the object of the bill of complaint was not within the inherent powers of a court of equity or within the proper scope of an equity court under the statutes above quoted. See State v. Willmer, decided at this term; State v. Barns, 99 Fla. 1258, 128 So. 860, 46 Fed. (2) 296.

Even if the certificates as to voluntary liquidation were filed with the Comptroller promptly after the certificates were made on January 22, 1931, the Comptroller may have required time for investigation and he did appoint a liquidator for the City Trust Company on May 8, and appointed the same liquidator for the Guardian Trust Company on May 9, 1931, after the President of The City Trust Company had filed with the Comptroller an affidavit as to the insolvency of that company and the Comptroller sought to intervene when the equity court appointed its receiver for the two trust companies.

The demurrer to the answers is sustained.

TERRELL, BROWN AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS, J., dissent.