THE STATE OF FLORIDA, ex rel, CARY D. LANDIS, Attorney General, *Relator,* vs. THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, and PAUL D. BARNS, as Circuit Judge of the Eleventh Judicial Circuit of Florida, and BOWMAN F. ASHE, FRANK J. PEPPER, JOHN B. ORR, W. STANLEY DODD, P. H. ARTHUR, RICHARD H. HUNT, and THE FLORIDA NATIONAL BANK & TRUST COMPANY, a corporation organized and existing under the Banking Laws of the United States of America, *Respondents.*

143 So. 351.

En Banc.

Opinion filed August 5, 1932.

*Carl T. Hoffman,* for Relator;

*Miller, McKay, Dixon & DeJarnette,* for Respondents.

ORIGINAL PROHIBITION.

LEWIS, Circuit Judge.—The Comptroller of the State of Florida, on November 26, 1931, took charge of the Trust Company of Florida, a Florida Corporation, and appointed J. H. Therrell liquidator of such institution. This appointment was duly confirmed by the Circuit Court in and for Dade County.

Shortly thereafter the respondents, Bowman F. Ashe, Frank J. Pepper, John B. Orr, W. Stanley Dodd and P. H. Arthur, formed themselves into a committee and prepared and signed an ''agreement'' between ''those holders of bonds and ownership certificates sold or issued through the Trust Company of Florida, a Florida corporation, and affiliated corporations and organizations,'' as parties of the first part, and themselves ''and those who' may be associated with them, and their successors as a committee,'' as parties of the second part.

The ''agreement'' set forth that the committee has been formed for the general purpose of protecting the interests of the holders of certain bonds therein mentioned, and in particular, for the protection of the holders of those issues with respect to which concerted action of the bondholders is or may become necessary or desirable, and that such agreement is made to define generally the terms on which bonds may be deposited with the committee, and the rights, powers and immunities of the committee and the depository with respect to such deposited bonds. Upon deposit of such bonds with the committee, under certain conditions, the depositor becomes a party to the ''agreement,'' and ''any conditions imposed by the committee upon the receipt of deposits, other than time limits, shall be submitted to and approved by one of the following persons, each such person being hereinafter referred to as the Court, viz: Hon. Paul D. Barns, Circuit Judge, or any other Judge of the Eleventh Judicial Circuit of Florida.'' The rights, powers, duties, privileges and immunities of the committee, the depository, and the depositors are thereafter set forth at length.

This ''agreement'' was submitted to the respondent, Paul D. Barns, Circuit Judge of the Eleventh Judicial Circuit of Florida, who made and entered an order on December 11, 1931, under the caption, ''In re: The Trust Company of Florida, a Florida Corporation, etc.'' which

order after certain recitals, (1) approved and confirmed the membership and personnel of said committee, (2) approved such deposit agreement and ordered it to be filed and made a part of the record "in this case" and made such agreement a part of said order, (3) authorized said committee to act as a committee representing the holders of bonds and ownership certificates deposited under said deposit agreement sold or issued by or through the Trust Company of Florida, a Florida corporation, and affiliated companies and organizations within the terms, limitations and conditions of the said deposit agreement, and (4) ordered "that said committee upon its request made upon the various trustees appointed and/or acting under the various bond issues aforesaid including present title holders for the benefit of the owners of ownership certificates, be by said trustees furnished with a full and complete list showing the holdings, identity and mailing address of each and every bond or certificate holder of the respective issues to the end that said committee may forthwith establish communication with said bond and/or ownership certificate holders"

Afterwards on December 16, 1931, an order was made by the respondent Circuit Judge approving a change by said committee whereby the respondent, the Florida National Bank & Trust Company, a corporation, was designated the depository of the deposited bonds.

The State of Florida upon the relation of the Attorney General, applied to this Court for a writ of prohibition challenging the jurisdiction of the Circuit Court to make and enter such order and to further act in the premises. A rule to show cause was issued and answers have been filed by the respondent Circuit Judge, and the respondent members of said committee. The relator has filed motions to strike certain parts of the answers, and has also filed mo-

tion for a peremptory writ. We will dispose of the case upon the latter motion.

The Constitution of this State Sec. 11, Art. V, confers original jurisdiction upon the Circuit Courts ''in all cases in equity, also in all cases at law, not cognizable by inferior courts, and in all cases involving the legality of any tax, assessment, or toll; of the action of ejectment and of all actions involving the titles or boundaries of real estate, and of all criminal cases not cognizable by inferior courts; and original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the Legislature may provide.''

It has been well said that under our tripartite scheme of government, ''such other matters as the Legislature may provide'' could have reference to none other than judicial matters or functions.

Sheldon v. Powell, 99 Fla. 782, 128 So. 258.

Without deciding whether or not the Legislature could confer upon the Circuit Courts as a proper judicial matter or function jurisdiction to make such an order as is involved here, and to perform such functions as is contemplated by such order, there exists now no such statutory provision, and we do not think that such jurisdiction is inherent in the Court.

The affairs of insolvent banks and trust companies are by law placed in the hands of administrative officers charged with the duty of supervision, and the Courts should not interfere except in proper cases under valid statutes, or when justiciable matters are presented to them for decision. See Bank of Bay Biscayne v. Hankins, 42 F. (2nd) 209.

The answers of the respondents do not set up sufficient response to the rule, and this court being of the opinion that the Circuit Court is without jurisdiction to make the order involved here and to act as is contemplated by such

order, the motion of relator for a peremptory writ of prohibition should be granted as prayed for.

State v. Circuit Court for Eleventh Judicial Circuit, 102 Fla. 112, 135 So. 866; Same, 102 Fla. 122, 135 So. 870.

Prohibition granted.

BUFORD, C.J., AND WHITFIELD, ELLIS, AND TERRELL, J.J., concur.

BROWN, J., not participating.

DAVIS, J., disqualified.