M. A. SMITH, as Liquidator of the Guardian Trust Company, as Liquidator of Biscayne Trust Company, as Trustee for all the bondholders, *et al.*, v. EMMA J. JONES, a widow, *et al.*

162 So. 496.

Division A.

Opinion Filed June 27, 1935.

*Richard H. Hunt, Marshall F. Sanders* and *Bryant & Pittman,* for Appellants;

*E. F. P. Brigham* and *W. L. Freeland,* for Appellees.

BROWN, J.—In this case, the bonded statutory liquidator of a Trust Company, whose tenant held possession of a valuable trust estate upon which a mortgage given to the Trust Company to secure a bond issue had been foreclosed, was removed by an order of the Circuit Court and a successor trustee appointed, also a receiver of the property. The property, which had been in the hands of the State Comptroller through several liquidators appointed in succession for a period of several years, when this bill was filed, consisted of a hotel known as the Casa Loma Hotel, which had been leased by the liquidator for the ensuing

year to appellant, Arthur C. Brown, who had leased it the year before. The Guardian Trust Company, as liquidator of the Biscayne Trust Co., which was trustee for the bondholders under a trust deed, and had begun foreclosure proceedings thereon, had purchased the property at foreclosure sale and held title thereto for the benefit of the bondholders, before the present liquidator, by authority of the State Comptroller, was appointed as liquidator of both said trust companies, under the statute. Such was the status of affairs when this bill for appointment of a court receiver and successor trustee was filed. The court rendered an order ousting appellant Brown from the property, and ordering delivery thereof to the receiver, evidently upon the theory that the liquidator-trustee had no authority to rent the property. The lease had been executed before any complaint had been made against the management of the trust by the present liquidator or his predecessors or any attempt made by any of the bondholders to oust the liquidator and have a successor trustee and court receiver appointed. The bill was not sworn to, nor supported by affidavits. The liquidator filed a sworn answer, giving a full accounting of the statutory trusteeship, and asserted his right to retain and administer the trust property pending payment to him or collection by him of the sum of $10,300.00 representing advances previously made from his capital funds for insurance, repairs and other expenses necessarily incurred to and for the benefit of the trust estate. The succesor trustee and receiver were appointed by the Circuit Court without requiring any bond of either. The bill of complaint was filed by eight non-residents who were the holders of $6,600.00 of bonds of a total issue of $150,000.00.

The following cases are pertinent. This Court has held that the comptroller and his liquidator are competent to

execute trusts within the powers of the corporation to be liquidated.  Power v. Chillingworth, 93 Fla. 1031, 113 So. 280; Amos v. Trust Co. 54 (2d) 285, 289.  Only in extreme cases may the general administration of the liquidator of an insolvent bank or trust company be arrested or substituted by a receiver in equity.  Amos v. Trust Co. 54 F. (2d) 286, 289, citing State v. Circuit Court (Fla.) 102 Fla. 112, 135 So. 866.  See also Bank v. Hankins, 42 F. (2d) 209, wherein an order appointing a receiver for a failed bank, and enjoining the comptroller from carrying on its liquidation was held erroneous.  And this Court has further held that where a bill of complaint seeks to have the statutory liquidator of an insolvent bank removed and enjoined from further engaging in the service of liquidator, and prays for a court receiver to administer the assets of the insolvent bank to the entire exclusion of the statutory liquidator, and the allegations of the bill of complaint do not show that the statutory authority of the comptroller to administer on the assets and business of the bank is not appropriate and adequate to conserve the property rights of the complainants, or that such statutory authority is so abused by the comptroller as to render the statutory system of administering upon the assets and business of the insolvent bank inadequate to protect the property rights of the complainants, and there is no prayer for relief by requiring the comptroller and the liquidator to pursue the law in the particulars wherein it is alleged the law has been violated, the bill of complaint does not state an equity, for the relief prayed, and a writ of prohibition will be granted, the remedy by appeal not being complete and adequate. State v. Willmer (Fla.) 135 So. 759, 102 Fla. 64.

Courts of chancery have the inherent right, in dealing with trusts, to require payment out of the trust fund to the

trustee all his necessary costs, expenses and reasonable conusel fees for defending the trust estate, and in order that its decree shall be enforced, may declare a lien on the trust estate for such payment, and may also make provision for the sale of the trust property or so much thereof as may be necessary to pay the same. Bay Biscayne Co. v. Baile, 73 Fla. 1120, 75 So. 860.

The general rule is that the expenses of properly administering a trust are a lien on behalf of the trustee for the estate in his hands and he will not be compelled to part with his control of that estate until such expenses are paid. Johnson v. Lehman, 131 Ill. 609, 19 A. S. R. 63; 26 R. C. L. 179; Bay Biscayne Co. v. Baile, *supra*.

It appears that the liquidator-trustee and his predecessors had been holding this hotel property for the benefit of the bondholders during a period of great depression in rents and real estate values, when it would have been impossible to sell the property for a price which would have been to the interest of the bondholders to accept. In these circumstances, the property had to be kept in repair and looked after, some expenses had to be incurred by the liquidator-trustee, and we deem it was not only within the power, but we consider that it was the duty of the trustee under those circumstances to rent the property to the best possible advantage. 65 C. J. 690. And a court order had been made authorizing a predecessor liquidator to operate the hotel. No testimony appears to have been taken and the statutory liquidator, a bonded officer, was displaced upon an unsworn bill, not supported by affidavits, to which a sworn answer was filed. We deem it unnecessary to go into the allegations of the bill or those of the answer. They are quite voluminous. But in our opinion, no sufficient showing of fraud or mismanagement was made by appellees

to authorize the displacement of the statutory liquidator by a successor trustee or court receiver, and we are satisfied that under the principles heretofore laid down by this Court, in the above cited cases, the orders appealed from were erroneously entered.

The Supreme Court of the United States has recently held that although the Federal Courts have power in equity to appoint receivers, on a bill complying with their judicial requirements, the exercise of the power is within the sound discretion of the Court, and should not be exercised in the case of an insolvent Building & Loan Association or Insurance Company, over the objections of the State officials charged with the duty of liquidating such insolvents, where the State laws provide adequate procedure for liquidation, and the State officials are seeking to perform their duties in conformity with the State statutory procedure. Pennsylvania v. Williams, 79 L. Ed. advance sheets No. 7, 384; Gordon v. Ominsky, 79 L. Ed., advance sheets No. 7, 390. And in Gordon, v. Washington, 79 L. Ed., advance sheets No. 11, page 626, decided April 1, 1935, the Supreme Court of the United States held, quoting the 6th headnote, that:

"It is an abuse of discretion requiring reversal for a Federal district court to appoint a receiver for a mortgage pool consisting of mortgages held by an insolvent trust company as trustee, upon the complaint of a holder of a participation certificate in the pool, showing that, pursuant to State laws, the State secretary of banking has taken over the affairs of the trust company, including the pool in question, for administration, not seeking any remedy other than the appointment of the receiver, not alleging misconduct or neglect on the part of the secretary, and not showing any danger to the assets of the pool which would be avoided by the appointment of a receiver."

Orders appealed from reversed and cause remanded.

WHITFIELD, C. J., and DAVIS, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.