W. B. BEDENBAUGH, as Liquidator of the Merchants & Planters Bank of Sneads, v. N. E. GLISSON.

181 So. 416.
Division B.
Opinion Filed January 5, 1938.
On Rehearing April 25, 1938.
Further Rehearing Denied June 6, 1938.

*James H. Finch, Cary D. Landis,* Attorney General, and

*W. P. Allen,* Assistant Attorney General, for Plaintiffs in Error;

*Carter & Pierce* and *B. L. Solomon,* for Defendant in Error.

CHAPMAN, J.—This cause is here on writ of error to the Circuit Court of Jackson County, Florida, to review a judgment in behalf of defendant in an action to recover assessments on two shares of stock held by the defendant in the Merchants & Planters Bank of Sneads, Florida. The assessment is made for two shares of capital stock of said bank in the sum of $60.00 per share, and the total amount of the assessment, so made, against the defendant was $120.00, and the notice thereof was dated June 13, 1936. It is alleged that the Merchants & Planters Bank of Sneads, prior to June 12, 1936, became insolvent, and the Comptroller of the State of Florida, under the authority conferred by law, appointed W. B. Bedenbaugh as Liquidator of the bank. The Comptroller, after an examination of the assets of the bank, became satisfied of its insolvency and that an assessment of stockholders of the bank was necessary to pay its indebtedness. Attached to the declaration is an order of assessment against the shareholder, as well as a notice of the assessment dated June 13, 1936, and signed by W. B. Bedenbaugh, Liquidator.

Several pleas by the defendant were filed to the declaration, but a demurrer was sustained thereto, and the suit went to trial on pleas numbered 4 and 5, which are lengthy, but tendered issues, viz.: (a) that the doors of the bank were voluntarily closed on March 1, 1933, by its officers and directors who owned less than two-thirds of the capital stock of the bank; (b) that at the time the bank closed it was not insolvent; (c) when the bank closed it ceased to transact business as a banking institution and no banking business has been transacted by it since; (d) the bank was not closed

pursuant to law controlling the voluntary liquidation of the banking companies; (e) all depositors of the bank were paid in full; (f) on August 30, 1935, the Comptroller entered an order appointing the Liquidator under Section 19, Chapter 13576, Acts of 1929; (g) the Comptroller was actuated in the entry of his order closing the doors of the bank on conditions existing after the closing of the bank and not prior thereto.

The plaintiff at the trial adduced George C. White, George R. Carpenter and W. B. Bedenbaugh, while the defendant called John McFarlin, and the issues were submitted to the jury without argument of counsel, with instructions on law controlling the issues given by the court. The jury returned a verdict for the defendant, when a motion for a new trial on behalf of plaintiff was made, and by the court denied, the record perfected and the cause is here for review on several assignments of error.

The question involved here is are the issues submitted under pleas numbered 4 and 5 authorized by Section 19 of Chapter 13576, Acts of 1929, Laws of Florida? This Court construed Section, *supra,* in the suits of Amos v. Conkling, 99 Fla. 206, 126 Sou. Rep. 283; State, *ex rel.* Landis, Atty. General, v. Circuit Court, etc., 102 Fla. 112, 135 Sou. Rep. 866; Therrell, as Liquidator, v. Rinaman, 107 Fla. 110, 144 Sou. Rep. 327, when this Court said that "neither the Comptroller nor his Liquidator have any powers except those which have been conferred upon them by provisions of statute law, either in express terms or by necessary implication, or such as are incident to the express powers given, is a proposition which is not capable of successful contradiction. The Liquidator is an executive creature of the legislative enactment and can exercise only such powers as those with which, by force of the statute, he is expressly or impliedly vested. To put it another way, the

Comptroller and his statutory liquidators are executive officials or functionaries of the State and neither is an officer of the Court, which latter is required to adjudicate the facts of a bank's insolvency by confirming the Comptroller's initial act of taking possession and control." It was further said:

"Section 19 of Chapter 13576, *supra,* authorizes the bank supervisory authorities, upon taking possession of an insolvent bank or trust company, to collect the assets thereof and to preserve, administer and liquidate the business and assets of such bank or trust company for the benefit of depositors and others having an interest therein. There is nothing in that Chapter or in any other provision of the banking laws, that expressly or impliedly confers authority on the Comptroller or his liquidator or which empowers the courts to authorize them, or either of them, to borrow money and pledge the assets of the bank to secure payment of a loan which is to be used principally, if not wholly, to pay preferred claims as well as dividends to the creditors of common depositors. Whether a loan can be made by a bank liquidator for any other purpose such as paying taxes on assets and the like, is not necessary to be definitely decided at this time and is not passed upon in this case."

Section 19, *supra,* authorizes the State Comptroller in his discretion to appoint a liquidator when certain conditions appear: (a) when the bank has become insolvent and is in default; (b) when the bank is in an unsound condition; (c) when the bank is threatened with insolvency because of illegal or unsafe investments; (d) the liabilities of the bank exceed its assets; (e) that the bank is transacting business without authority of law in violation of law, etc. The Circuit Court under the statute has jurisdiction to make and enter an order confirming the action of the Comptroller in the appointment of a liquidator for such

bank under statutory conditions. Pleas 4 and 5, among other things, tender an issue of fact, the solvency of the Merchants & Planters Bank of Sneads. If the bank was solvent, the Comptroller was without authority to appoint a liquidator, and likewise was without authority to make and enter the stockholders assessment order, the basis of this suit. The pleas are authorized by the statute, and decisions of this Court, *supra*.

The following instructions upon the issues tendered by the pleas were given by the lower court and assigned as error, viz.:

"Gentlemen of the Jury, what you are expected to find out in this case is whether or not this bank was solvent or insolvent at the time it closed its doors and ceased to do business in this State. If the bank was not in fact insolvent, then the Comptroller did not have any authority to appoint a liquidator, but, if it was insolvent, then he did have that authority, and on the question of solvency or insolvency, I am going to give you the special charge No. 3, requested by the Defendant:

" 'A bank is insolvent when the capital stock and all its' assets are insufficient to meet its liabilities, or when it is unable to meet current obligations as they mature, though its assets may greatly exceed its liabilities, or when capital stock surplus and undivided profits are exhausted by losses with no immediate prospect of replacing them, or when its condition is such that it cannot in a reasonable time realize on its assets an amount sufficient to take care of its liabilities.'

"On the question of whether or not the bank was doing business in this State, I will give you special charge No. 1, requested by the defendant:

" 'A bank is doing business in this State when it is doing the business or character of business for which it was or-

ganized, and exercising the ordinary functions for which it was created. If a bank ceases to do the business or character of business for which it was organized, or ceases to exercise the ordinary functions for which it was created, such as discounting and negotiating promissory notes, drafts, bills of exchange and other evidence of debt, receiving deposits, buying and selling exchange, coin or bullion, and loaning money on personal and real security, it does not thereby lose its corporate existence, but at the same time it is not a bank doing business in this State.'

" 'Special charge No. 2, requested by the defendant will be given:

" 'When a bank organized under the laws of this State, acting by its officers and directors, voluntarily ceases to do business in this State, when it is not insolvent and without conforming to the statutes relating to voluntary liquidation, the Comptroller has no power or authority while such bank is not doing business in this State to appoint a liquidator for such bank and has no power or authority under such circumstances to make an assessment against the stockholders of such bank to meet the contracts, debts, or engagements of such bank. Under such circumstances, if the Comptroller attempts to appoint a liquidator for such bank, the appointment is void and any order of the Circuit Court confirming such an attempted appointment is likewise void, and any attempted assessment by the Comptroller against the stockholders of such bank to meet the contracts, debts, and engagements of such bank is void.' "

Each of the instructions have been examined and we find are fully supported by the statutes and the decisions of this State.

The following requested instructions given by the lower court fully protect the contention of the plaintiff, viz.:

"Now, gentlemen, if you should find from the evidence by a preponderance of the evidence, that at the time Mr. Bedenbaugh was appointed liquidator of the Merchants & Planters Bank, that it was a bank doing business in this State, and that at the time of such appointment the bank was insolvent, then the Comptroller would have the authority to make the appointment, and, if you should find by a preponderance of the evidence that at the time the assessment in question was made by the Comptroller, that the bank was a going concern, doing business in this State and that it was unable to meet its obligations, then the Comptroller would have the authority to make an assessment. Under the laws of this State, the Comptroller has the authority to levy an assessment against the holders of bank stock, a shareholder in a bank, up to one hundred per cent. of his stock, to make good that amount of stock in addition to the stock itself, for the purpose of paying off the depositors and legitimate creditors of the bank, when that becomes necessary through failure of the bank itself or its intermediaries to pay off its debts. If you should find that state of facts to exist, it would be your duty to return a verdict for the plaintiff for the amount of $120.00. The assessment in this case was not one hundred per cent., but sixty per cent., and sixty per cent. on his stock assessment would be $120.00."

We have examined the refused special instructions numbered 1 and 2 as requested by the plaintiff, viz.:

"If you find that at the time the plaintiff, W. B. Bedenbaugh, was appointed as liquidator of the Merchants & Planters Bank, such bank had not surrendered its charter, nor had it gone into voluntary liquidation, but that the Bank had closed to take deposits and make loans, and was engaged only in collecting accounts and notes due it, in such case it would be a bank or banking association doing busi-

ness in the State of Florida within the meaning of the law authorizing the appointment of a liquidator in certain cases by the Comptroller."

"I charge you that in considering the evidence in this case of the debts owing by the Merchants & Planters Bank of Sneads, Florida, you may and should take into consideration the note due from Merchants & Planters Bank to the First National Bank of Marianna, originally for the sum of $7,000.00 as a debt obligation of Merchants & Planters Bank.".

We think the general charge is sufficient to protect the rights of plaintiff and no error was committed by the lower court in refusing the same.

The evidence shows the Merchants & Planters Bank of Sneads, Jackson County, Florida, was authorized to transact a banking business in July, 1920, which it did with a $15,-000.00 capital stock investment. It continued a general banking business until March 3, 1933. The State and national moratoriums closing the doors of national and State banks failed to affect the Merchants & Planters Bank of Sneads because of an order of the Comptroller dated in December, 1932, authorized its officers to freeze all deposits except 20% withdrawals of each depositor. The officers of the bank made no effort to do a banking business after March, 1933, but its Cashier was engaged in collecting accounts, notes and other obligations due the bank when an order was entered by the Comptroller appointing a liquidator in August, 1935. An assessment order against shareholders of the bank was entered on June 12, 1936. It is contended here that if the bank was insolvent it developed or occurred after March, 1933. It was within the province of the jury to determine all questions submitted and no error as to the admission of testimony or instruction to the

jury by the court having been made to appear, the judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

## ON REHEARING.

PER CURIAM.—Upon rehearing granted and further consideration of the statute controlling in this case, the Court is of the opinion that in view of the language and purpose of the statute the judgment herein should be reversed.

Section 1, Chapter 6807, Acts of 1915, as amended by Section 19, Chapter 13576, Acts of 1929, Section 6102 (4162) Perm. Supp. 1936 to C. G. L. contains the following:

"On becoming satisfied, from the reports furnished to him by a State bank examiner, or upon other satisfactory evidence thereof, that any bank, banking firm, banker, banking or trust company, or corporation doing business in this State under the State laws, has become insolvent and is in default, or that the affairs of any bank, banker, banking firm or trust company or corporation doing business in this State, under such State laws, is in an unsound condition, or threatened with insolvency because of illegal or unsafe investments, or that its liabilities exceed its assets, or that it is transacting business without authority of law or in violation of law, or if the directors of any bank, banking or trust company, or corporation, or any banker or the management of any banking firm doing business in this State under the State laws, shall knowingly violate, or knowingly permit any of its officers, agents or servants to violate any of the provisions of law relative to such bank, bankers, banking firms, banking or trust companies, or corporations doing business in this State, the rights, privileges and franchises shall be subject to be forfeited, and the State Comp-

troller may in his discretion forthwith designate and appoint a liquidator to take charge of the assets and affairs of such bank, * * * The Comptroller, immediately upon appointing such liquidator, shall serve notice upon the president, or upon any vice-president or cashier, or upon any director or other person having the charge or management of any such bank, banker, banking firm, banking or trust company, or corporation, informing him or them in such notice of his action in appointing such liquidator, and notifying him or them or it that he would apply on a date therein named, not to exceed ten days from the date of service of such notice, to some circuit judge having jurisdiction over the same, for an order confirming his action and the appointment of a liquidator for such banking institution and such bank, banking firm, or banking or trust company, or corporation may, at such hearing, contest before such circuit judge the rightfulness and legality of such action of the Comptroller in appointing such liquidator. (Ch. 6807, Acts May 27, 1915, Sec. 1; Ch. 13576, Acts 1929, Sec. 19.)"

The statute provides that "on becoming satisfied * * * that any bank * * * has become insolvent and is in default, * * * or that its liabilities exceed its assets," etc., * * * the State Comptroller may in his discretion forthwith designate and appoint a liquidator to take charge of the assets and affairs of such bank * * *. * * * The Comptroller, immediately upon appointing such liquidator, shall serve notice upon the president, or upon any vice-president or cashier, or upon any director or other person having the charge or management of any such bank * * * informing him or them in such notice of his action in appointing such liquidator, and notifying him or them or it that he would apply on a date therein named, not to exceed ten days from the date of service of such notice, to some circuit judge

having jurisdiction over the same, for an order confirming his action and the appointment of a liquidator for such banking institution, and such bank * .* * may, at such hearing, contest before such circuit judge the rightfulness and legality of such action of the Comptroller in appointing such liquidator."

The statute provides for notice and an adversary contest and hearing before a circuit Judge who acts judicially in determining "the rightfulness and legality" of the action of the Comptroller in determining the bank "has become insolvent and is in default," etc., and in appointing the liquidator. When such judicial determination is made, it becomes *res adjudicata* unless reversed or otherwise superseded or amended or modified by appropriate judicial review.

The order of the Circuit Judge is as follows:

"IN THE CIRCUIT COURT OF THE FOURTEENTH CIRCUIT IN AND FOR JACKSON COUNTY, FLORIDA. IN CHANCERY.

"J. M. LEE, COMPTROLLER STATE OF FLORIDA,

"v.

"MERCHANTS AND PLANTERS BANK, SNEADS, FLORIDA.

"ORDER CONFIRMING APPOINTMENT OF LIQUIDATOR.

"This cause coming on to be heard upon petition of J. M. Lee, Comptroller of the State of Florida, for an Order confirming the appointment of the Liquidator for the Merchants and Planters Bank, Sneads, Florida, by the said Comptroller, and it appearing by evidence submitted, that the said corporation is in default, and that its liabilities exceed its assets, and that the President of the said bank has waived further consideration and consented to the immediate appointment of a Liquidator as aforesaid, and the Court being fully advised in the premises;

"It is thereupon ordered, adjudged and decreed that the appointment of W. B. Bedenbaugh as Liquidator for the

said Merchants and Planters Bank, Sneads, by the Comptroller of the State, is hereby approved and confirmed, and the said Liquidator is hereby vested with all the powers conferred upon Receivers or Liquidators for banks under the Laws of the State of Florida, subject to the restrictions contained in such Laws.

"Done and Ordered in Chambers of Marianna, Florida, this the 3rd day of September, A. D. 7935.

"E. C. Welch, Circuit Judge."

It does not appear that this order did not become *res adjudicata* as to the stockholders of the bank who were represented by the president of the bank in the hearing before the Circuit Judge when he made the above order in which it is stated: "it appearing by evidence submitted, that the said corporation is in default, and that its liabilities exceed its assets," and wherein "it is thereupon ordered, adjudged and decreed that the appointment of" the liquidator "by the Comptroller of the State, is hereby approved and confirmed, and the said liquidator is hereby vested with all the powers conferred upon Receivers or Liquidators for banks under the laws of the State of Florida, subject to the restrictions contained in such laws."

Such adjudication, unaffected by appropriate judicial proceedings, became and remains the controlling decision, rendering the pleas filed in this cause inappropriate and immaterial.

In this general connection see Adams, as Receiver, v. Nagle, decided by the U. S. Supreme Court March 28, 1938, and not yet published.

The demurrer to such pleas should have been sustained.

Judgment reversed on rehearing.

Ellis, C. J., and Whitfield, Terrell, Brown and Buford, J. J., concur.

CHAPMAN, J., dissents.

CHAPMAN, J. (dissenting).—On petition for rehearing it is contended that this Court in its original opinion omitted and failed to consider: (1) unpaid obligations of the bank; (2) that the bank's depositors were paid but not its creditors; (3) that the bank was insolvent when the liquidator was appointed and the assessment made; (4) that the bank creditors have no remedy or funds out of which they are to be paid. Other grounds appear, but it is unnecessary to recite the same for the purpose of this opinion.

It cannot be overlooked that the Comptroller of Florida has no power or jurisdiction over banks other than conferred by Chapter 13576, Acts of 1929, Laws of Florida. It is not an arbitrary power, but only such power as authorized by law and when action is taken which is not authorized, the same is void. It is true that the Comptroller can appoint a liquidator when the bank is insolvent or in an unsound condition, threatened with insolvency, or unsafe for investments, and for other reasons. These different reasons or authority of the Comptroller for appointing a liquidator and taking over a bank were made an issue by a number of pleas and testimony was taken thereon and appropriate instructions given by the court to the jury.

The facts as disclosed by the record show that a "freezing" order was issued in the fall of 1932 and the doors of the bank closed in March, 1933, by proclamation of the President and referred to as the bank moratorium and it made no effort to again do a general banking business. During the month of August, 1935, the Comptroller appointed a liquidator, and after notice to some of the officers thereof, the Judge of the Circuit Court entered an order confirming the appointment of the liquidator and it is contended that the notice served on the officers of the bank of the confirmation order is sufficient in law to pre-

clude this defendant shareholder from making an issue of the authority of the Comptroller to appoint the liquidator and perfect the assessment.

It seems that it would be a harsh rule to apply to a shareholder to say that he cannot question the authority of the Comptroller to take over the bank, and make the stock assessments under the law because notice was duly made and served upon the officers of the bank of the application for a court order confirming the acts and doings of the Chancellor. It is doubtful if such procedure would be substantial justice. We have examined the petition for a rehearing, heard argument of counsel and considered the briefs, and conclude that each contention was considered by this Court in its original opinion. The original opinion herein is adhered to and reaffirmed.