768 So.2d 1213 (2000)
FIRST UNION NATIONAL BANK, Appellant,
v.
Dallas J. JONES, Dr. Charles F. Jones, and David L. Jones, Appellees.
No. 4D99-2740.
District Court of Appeal of Florida, Fourth District.
October 4, 2000.
*1214 Susan M. Seigle and Amy S. Rubin of Ruden, McClosky, Smith, Schuster & Russell, P.A., West Palm Beach, for appellant.
Theodore W. Herzog of Theodore W. Herzog, P.A., Key West, for Appellee-David L. Jones.
Dallas J. Jones, Vero Beach, pro se.
SHAHOOD, J.
Appellant, First Union National Bank as trustee, appeals the Order on Motion for Trust Disbursement entered by the trial court, which order directed a total disbursement of the entire corpus of the trust held by the trustee under the Revocable Living Trust executed by Charles L. Hodgkins as grantor. Because appellant may be entitled to an award of attorney's fees from the trust estate for defending itself in a pending action filed against it by the appellees, the residuary trust beneficiaries, alleging mismanagement of the trust after the death of the grantor, we reverse and remand.
In Florida, a trustee is entitled to receive payment of his reasonable expenses in managing a trust, including attorney's fees, from the assets of a trust he manages. See Bay Biscayne Co. v. Baile, 73 Fla. 1120, 75 So. 860 (1917); see also Smith v. Jones, 120 Fla. 237, 162 So. 496 (1935). Such expenses include attorney's fees, and are a lien on behalf of the trustee on the trust estate he manages. Id. at 498. A trustee cannot be compelled to relinquish his control of the trust estate until the lien is satisfied. Id.
Appellant argues that its lien is analogous to an attorney's retaining lien. It argues that it cannot enforce its lien by foreclosure proceedings, and has no security for its lien except the trust assets it previously had in its possession. A lien is passive in nature, rendering it all the more important that First Union be permitted to retain sufficient trust assets as security for the lien. The trial court's order, it argues, has impaired First Union's right to a lien in the trust estate. If the trial court's order is not vacated, and if the beneficiaries are not ordered to return the trust assets, First Union's lien will be destroyed. We agree.
Section 737.627, Florida Statutes (1999), requires the court to award costs including attorney's fees "[i]n all actions challenging the proper exercise of a trustee's powers." *1215 Section 737.2041(5)(a) provides that a trustee's attorney "shall" be allowed fees for extraordinary service, which may include an adversary proceeding or litigation "by or against the trust." Section 737.2041(9) provides that court proceedings to determine compensation are part of the trust administration process, and the costs including the trustee's attorney's fees are to be determined by the court and paid from the trusts assets unless the fee request is unreasonable.
The trial court found that the action filed by the appellees against First Union for alleged maladministration of the trust was not litigation "by or against the trust" because the action is against First Union, the trustee, not against the trust, and cannot in any way benefit the trust. However, First Union is being sued in its capacity as trustee. "Costs and counsel fees .... should be allowed in those cases where a trustee, in good faith, institutes or defends an action or incurs legal expense in connection with his duties and responsibilities as trustee." West Coast Hosp. Ass'n v. Florida Nat'l Bank of Jacksonville, 100 So.2d 807, 812 (Fla.1958). An action seeking to recover for a trustee's alleged breach of fiduciary duty in monitoring an investment has been held to qualify as an "action" under section 737.627, providing for the award of costs and fees. See Republic Nat'l Bank v. Araujo, 697 So.2d 164 (Fla. 3d DCA 1997).
As its second issue on appeal, appellant argues that the trial court erred in ordering disbursement of the entire corpus of the trust without any pending pleadings framing issues to be tried and without an evidentiary hearing. Specifically, First Union argues that the order on appeal necessarily makes an implicit finding that it is not entitled to an award of attorney's fees in defending itself against the action filed by the appellees, whether it prevails in that action or not, without any evidentiary support for that finding, because no evidence, only argument of counsel, was presented at the hearing. Further, the order appealed precludes payment from the trust for any expenses arising in the future.
We agree that the trial court's order, in essence, concluded that First Union would not be entitled to fees, even if it prevailed in the litigation filed against it by the appellees, as a matter of law, because the action was against First Union individually as trustee, and not against "the trust." But "the trustee" is merely the legal entity who is sued when an action is brought against "the trust."
Although a trust instrument directs termination of the trust and the distribution of the principal to the beneficiaries upon the settlor's death, the trustee cannot make complete distribution until provision has been made for all the expenses, claims and taxes the trust may be obligated to pay, and certainly not before these amounts have been fully ascertained. Moreover, when the trust is the beneficiary of the grantor's probate estate and is charged with the duty to pay the expenses, claims, and taxes imposed on the probate estate, the trustee cannot make complete distribution of the trust until the probate proceeding has been substantially concluded, which was not the case here. Accordingly, based on the foregoing, we reverse the order entered by the trial court ordering total disbursement of the corpus of the trust and remand for further proceedings.
REVERSED AND REMANDED.
GUNTHER and POLEN, JJ., concur.