POLEN, C.J.
Steven Sheaffer, as trustee of the Franklin M. Millman and Dorothy R. Millman Revocable Trust (“Trust”), timely appeals after the trial court, following a nonevidentiary hearing, ordered him to distribute the sole asset of the Trust to Diane Millman Trask. As set forth below, we reverse.
The Millmans created the instant Trust in which they served as co-trustees. *1052 Franklin Millman died in 1992. Several months later, Dorothy executed an amendment to the Trust in which she resigned as co-trustee and named her daughter, Trask, as sole trustee.
Dorothy later remarried. In 1996, she executed a second amendment to the Trust in which she replaced Trask as sole trustee with her new husband, Sheaffer. She executed a codicil to her will in which she devised the remainder of her estate to the Trust. The sole asset of the Trust now was the Millman family house.
In October, 1996, a petition was filed to determine Dorothy’s incapacity. In November, 1996, Trask filed a petition in which she objected to her removal as trustee and the appointment of Sheaffer as successor trustee. She sought to void the second amendment to the Trust on the ground that Dorothy was incapacitated when she amended it.
In December, 1996, Dorothy was declared incapacitated. She died in October, 2000. Later in October, Sheaffer filed a petition for administration of her estate as her surviving spouse. This petition was assigned a different case number than that assigned to Trask’s petition, even though both cases were in probate.
In December, in her pending action, Trask moved the court to distribute the assets of the Trust (the house) to her and her brother, the beneficiaries of the Trust. At a subsequent nonevidentiary hearing, the court ordered Sheaffer to distribute the assets of the Trust. Sheaffer appeals from this order.
Sheaffer argues the court should not have distributed the assets of the Trust without first authorizing payment to Sheaffer of his reasonable' expenses in managing the Trust. Alternatively, he argues the court’s order precludes him from complying with the terms of the Trust insofar as he is now unable to pay the debts, funeral expenses, and administrative expenses of Dorothy’s estate. He also argues the court lacked jurisdiction to enter the order.
A trustee is entitled to receive payment of his reasonable expenses in managing a trust from the assets of that trust. First Union Nat’l Bank v. Jones, 768 So.2d 1213, 1214 (Fla. 4th DCA 2000) (citations omitted). In fact, “[although a trust instrument directs termination of the trust and the distribution of the principal to the beneficiaries upon the settlor’s death, the trustee cannot make complete distribution until provision has been made for all the expenses, claims and taxes the trust may be obligated to pay, and certainly not before these amounts have been fully ascertained.” Id. at 1215. Jones further held that “when the trust is the beneficiary of the grantor’s probate estate and is charged with the duty to pay the expenses, claims, and taxes imposed on the probate estate, the trustee cannot make complete distribution of the trust until the probate proceeding has been substantially concluded....” Id.
Part of the confusion seems to be attributable to the different case numbers assigned to Trask’s action and Sheaffer’s petition to administer the estate. Still, under Jones, we hold it was premature for the court to have ordered distribution of the Trust. We, therefore, reverse. On remand, the court may determine any fees and/or expenses due to Sheaffer, as well as any other collateral matters that may affect the probate proceeding, prior to distributing the sole trust asset.
REVERSED and REMANDED for further proceedings in accordance with this opinion.
STONE and GROSS, JJ., concur.